## HIELL v GOLCO OIL CO.

### HIELL, a Minor v GOLCO OIL CO.

Ohio Appeals, 2nd Dist, Franklin Co.

Nos. 2993 & 2994.  Decided April 5, 1939

H. S. Kerr, Columbus, and Robert E. Leach, Columbus, for plaintiff-appellant.

Arnold, Wright, Purpus & Harlor, Columbus, for appellees.

GUERNSEY, J. (3rd Dist.) sitting by designation.

## OPINION

By BARNES, J.

The above entitled two cases are now being determined on error proceedings by reason of plaintiffs' appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

By stipulation of counsel the two cases were consolidated, jury waived and the matter submitted to the court. The two actions were for personal injuries claimed to have been received on the 16th day of December, 1936. On said date plaintiff accompanied by his minor son, Paul, drove his automobile into a filling station owned and operated by defendant at 113 W. Fulton Street, Columbus, Ohio, for the purpose of having same lubricated; while said car was upon the premises of defendant an explosion occurred and as a result of such explosion both plaintiffs were injured, the details of which injuries are fully set forth in the petition. The actionable complaint as set forth in the petition is in words and figures as follows:

"Plaintiff further says that he was upon the premises of the defendant on the 16th day of December, 1936, at about 8 o'clock P. M.; that the defendant on said date and at said time was engaged in blending gasolines of different grades of volatility; that said gasolines were owned and were under control of defendant company; that the vapor arising from said gasolines exploded upon the premises then under control and care of defendant company, the exact cause of which explosion is to this plaintiff unknown."

Plaintiff Charles Hiell claimed damages in the sum of $10,600; plaintiff Paul Hiell, a minor, bringing his action by his next friend, claimed damages in the sum of $10,000.00. The record adequately presents proof that each plaintiff received injuries. At the close of plaintiff's case, defendant interposed a motion for directed finding and judgment, which motion was renewed at the close of all the testimony, and, af-

ter hearing, was sustained. Motion for new trial was interposed, overruled and judgment entered against the plaintiffs for the defendant. Plaintiffs' testimony sustained the allegations of the petition. Plaintiffs relied upon the rule of res ipsa loquitur and consequently introduced no evidence of any specific acts of negligence.

It is the claim and contention of counsel for defendant that the res ipsa loquitur rule was not applicable and the trial court concurred with defendant's claim and therefore entered final judgment.

We are favored with the written decision of the trial court. The opinion properly states that res ipsa loquitur is a rule of evidence which permits under certain circumstances an inference of negligence to be drawn from certain facts without direct proof of any negligence.

48 C. J. 1193 is referred to as containing the general accepted rule and reads as follows:

"Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use ordinary care, it affords reasonable evidence, in the absence of explanation by defendant that the accident arose from want of care. This statement of the rule of res ipsa loquitur, based on the expression in an early English case, which has been widely quoted with approval, has been in substance most frequently adopted and applied in subsequent decisions, so that the occurrence of an injury under the circumstances therein set forth raises a presumption or permits an inference that the party charged was guilty of negligence."

Only one Ohio case is referred to wherein an explosion of gasoline in a gasoline station was the claimed cause of injuries. The style of this case was **Johnson v Walker, 18 O. N. P. (N.S.),** 120. The decision was by a judge of the Court of Common Pleas of Morgan County, Ohio. It was decided in 1915. The question arose on demurrer to the petition, the demurrer being sustained and judgment entered against plaintiff. The allegations of the petition in the reported case are very similar to the instant case. We have read this case in its entirety. The trial court in his written opinion sustaining the demurrer at no time mentions the rule of res ipsa loquitur. At the bottom of page 121 the court uses the following language:

"The demurrer is general in form and questions the sufficiency of the petition. No allegation charging negligence is made and plaintiff relies largely, if not wholly, on the law as declared by our Supreme Court in the case of **Bradford Glycerine Co. v Manufacturing Co., 60 Oh St 560.**"

The cited case, **60 Oh St 560,** was not presented or tried as a negligence action and hence the rule of res ipsa loquitur was not considered. The ground of recovery was that nitroglycerine is a highly explosive substance and hence anyone who stores it on his premises is liable for injuries. In case of dangerous agencies or instrumentalities, defendant is not excused by reason of the fact that he may not have violated any statute or been guilty of any degree of negligence in handling or storing the substance involved. This is clearly set forth in the first syllabus as follows:

"1. Nitroglycerine is a substance usually recognized as highly explosive and dangerous, the storage of which at any place is a constant menace to the property in that vicinity. And one who stores it on his premises is liable for injuries caused to surrounding property by its exploding, although he neither violates any provision of the law regulating its storage nor is chargeable with negligence contributing to the explosion."

Throughout the opinion in the case of **Johnson v Walker, 18 O. N. P. (N. S.) 120**, the court refers to numerous cases all of which deal with the question of dangerous instrumentalities or substance.

We see no reason why a plaintiff, when injured or damaged by high explosives, might not base his petition on the claim of negligence and thereby invoke the rule of res ipsa loquitur. but in so doing he would do no more than raise an inference of negligence and thereby permit the defendant to introduce evidence of due care in handling and controlling. From this statement it is obvious why plaintiffs, when possible, will rely upon the rule announced in the above quoted syllabus 1, 60 Oh St, supra, for the reason that thereby he takes away from defendant the right of introducing evidence of due care.

Of course, where his facts will not admit of the rule applicable to explosion of nitroglycerine, then he is forced to predicate his action on the facts and in a proper case may invoke the res ipsa loquitur rule as announced in 45 C. J. 1193, supra.

In the case of **Johnson v Walker, 18 O. N. P. (N. S.), 120**, we see no reason why the court might not have considered that case as a negligence action invoking the rule of res ipsa loquitur. The reason that it was not so considered is possibly explained by the fact that the trial court stated that plaintiff was relying largely, if not wholly, on the law announced by the Supreme Court in the case of **Bradford Glycerine Company v Manufacturng Co., 60 Oh St. 560**, supra.

The two types of cases are distinctly different. In the nitroglycerine or kindred cases no question of negligence is involved.

In cases where the rule of res ipsa loquitur is invoked the action does raise the question of negligence. It sometimes is difficult to determine whether or not, under the particular facts of the case being tried, the rule may be invoked. In Ohio in a proper case the res ipsa loquitur doctrine is present even though the plaintiff may set forth specific acts of negligence. **29 O. Jur. (Negligence) §164, p. 649.**

In 1929 the Court of Appeals in this district in the case of Columbus Railway Power & Light Company v Lombard, opinion by Hornbeck, J., discussed at great length the doctrine of res ipsa loquitur and collected and cited all the Ohio cases when reported as well as decisions of other jurisdictions and excerpts from text and other publications.

It can serve no useful purpose to restate the question or recite the authorities. The doctrine of res ipsa loquitur is thoroughly and well digested under the subject of negligence. In the instant case defendant presented no evidence other than as to the extent and nature of the injuries. No attempt was made to overcome the inference of negligence, if it arises, under the rule of res ipsa loquitur.

It is our determination that every element is present in the instant case to invoke this rule of evidence and therefore the judgment of the trial court will be overruled and the cause remanded for new trial.

Costs in this Court will be adjudged against the appellee.

HORNBECK, PJ., & GUERNSEY, J., concur.